E-FILED
Friday, 10 July, 2026  08:26:49 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| JOHN RESOR, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     **Case No. 25-3391** |
| | ) |
| ZACK BOREN *et al.*, | ) |
|     Defendants. | ) |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff John Resor, an inmate at Big Muddy Correctional Center, has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983. Plaintiff has also filed a Motion for Counsel (Doc. 3).

**I.    Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the court accepts the factual allegations as accurate and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must

be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

**1. State Proceedings**

On March 21, 2022, Plaintiff was charged by information with aggravated domestic battery (Count I), alleging that on March 19, 2022, he strangled Kristin Crabtree, a family member. *People v. Resor*, 2024 IL App (4th) 230208, ¶ 5 (Ill. App. 4 Dist. 2024). On September 19, 2022, the State added three aggravated battery charges that had also occurred on March 19, 2022. *Id*. at ¶ 16. Specifically, Plaintiff knowingly made physical contact of an insulting or provoking nature by pushing Crabtree against a pole (Count II), a glass window (Count III), and a minor who was with Crabtree (Count IV). *Id*.

On October 13, 2022, a jury returned a verdict of guilty on Counts I, II, and III but found Plaintiff not guilty on Count IV. On November 30, 2022, Plaintiff was sentenced to concurrent prison terms of fourteen years on Count 1 and ten years each on Counts II and III. *Id*. at ¶ 25.

On September 3, 2024, the Fourth District Appellate Court of Illinois affirmed Plaintiff's conviction on Count I but vacated the convictions on Counts II and III, concluding that the representation provided by Plaintiff's counsel fell below an objective standard of reasonableness when counsel failed to raise the issue of a speedy trail violation because compulsory joinder applied to Counts I, II, and III as the allegations raised originated from one continuous and uninterrupted act. *Id*. at ¶ 48.

**2. Claims Alleged**

Plaintiff names Zack Boren, Leisha Carnes, Walker Filbert, the City of Pittsfield, Illinois, and Pike County, Illinois as Defendants. Plaintiff asserts that Pike County prosecutors illegally filed three aggravated battery charges against him that resulted in two being vacated and a not guilty verdict on the third charge.

**C. Analysis**

The Court concludes that Plaintiff's pleading fails to state a claim for relief.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 (footnote omitted).

*Id.* at 486-87. Thus, under *Heck*, a § 1983 claim for damages does not accrue if a judgment in favor of the plaintiff on that claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id.* at 487.

Plaintiff asserts that Pike County prosecutors wrongfully or maliciously used three aggravated battery charges to extend the 120-day speedy trial time period in violation of his constitutional rights. However, as the Illinois Appellate Court held, Counts II and III were subject to compulsory joinder because Counts I, II, and III "were intermingled with each other" as "[a]ll these acts were committed by defendant, occurred within the same

period of time, and involved the same victim. *Resor*, 2024 IL App (4th) 230208 at ¶ 47. Thus, *Heck*'s favorable termination rule applies because a collateral attack on Counts II and III would necessarily implicate Plaintiff's existing conviction for aggravated domestic battery (Count I). *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) ("A suit barred by the doctrine of *Heck* is premature and must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside."); *see also Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (concluding that *Heck* applies to any suit "premised ... on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment").

Furthermore, "state prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to a grand jury, and delaying trial "encompass prosecutorial acts or omissions for which . . . prosecutors enjoy absolute immunity.").

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amended pleading shall not exceed ten pages total and shall be the only exhibit appended to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must succinctly specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

## II.    Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 3) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 3) is DENIED.**

2) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED July 10, 2025.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE